## EDMOND M. GOULD *v.* GARDNER, SAGER & Co.

Action for malicious arrest in a civil suit. Defendant's counsel asked the Court to instruct the Jury—
1. "That in order to enable the plaintiff to maintain this action against the said defendants, it is necessary for him to prove malice; or that the arrest complained of was made, or procured to be made by the said defendants from malicious motives, and without probable cause.
2. That if the Jury believed from the evidence that the said defendants in making or procuring said arrest, acted under the advice of counsel, given in good faith, and believed at the time that they had a good cause of action against him, the said *Gould*, and a legal right to hold him to bail therefor; that they, the said defendants, are not liable in damages to the said plaintiff in this action. The Court refused so to charge the Jury. *Held:* that the Court erred.

APPEAL from the Fourth District Court of New Orleans. *Strawbridge*, J. *Hunton & Bradford*, for plaintiff. *Grymes*, for defendants and appellants.

GOULD
*v.*
GARDNER, SAGER
& Co.

Plaintiff's counsel cited C. C. 1928, § 3, 2294, 1295. *Escurix* v. *Daboval*, 13 L. R. 90. *Keman* v. *Chamberlin*, 5 Rob. 116. *Edwards* v. *Turner*, 6 Rob. 382. *Grymes* for defendants cited *Snow* v. *Allen*, 1 Starkie's Rep., 2d ed. E. C. L. Rep., 191. *Silversides* v. *Bowley*, 1 Moore, 92. *Ravinger* v. *McIntosh*, 3 Barn. & Cress, 693. *Spencer* v. *Jacob*, 1 Moo. & Mal., 180. *George* v. *Radford*, 3 Carr & Payne, 464.

DUNBAR, J. This is an action for damages for a malicious arrest in a civil suit. The case was tired by a Jury, and there was a verdict and judgment for eight thousand nine hundred dollars against the defendants, who have taken this appeal.

On the trial of the cause, the defendants by their counsel moved the Court to instruct the Jury, "First. That in order to enable the plaintiff to maintain this action against the said defendants, it is necessary for him to prove malice, or that the arrest complained of was made or procured to be made by the said defendants from malicious motives, and without probable cause. Second, That if the Jury believed from the evidence that the said defendants in making or procuring said arrest, acted under the advice of counsel given in good faith, and believed at the time that they had a good cause of action against him, the said Gould, and a legal right to hold him to bail therefor, that they, the said defendants, are not liable in damages to the said plaintiff in this action." Which instructions the Court refused to give, but charged the Jury, "That the law as laid down by defendants' counsel would be correct if the common law prevailed in this State; but the Civil Code is our rule of action, and by that malice is not essential to sustain an action for damages. Malice may be an ingredient in the wrong to heighten, or to diminish the damages; but the rule is that every act of man which causes damage to another, obliges him by whose fault it happened to repair it." Every act, "not every malicious act, but every act, acts of carelessness without malice, errors without malice, are causes of damage under the Civil Code. Merlin title *Quasi Offences*. Of the amount of damage the Jury are the exclusive judges, and the damages are not confined to mere monied loss. Civil Code, Art. 1928. That the man who undertakes a law suit does it on his own responsibility and at his own risk; the advice of the counsel he may select, cannot screen him from the consequences."

In the case of *Sénécal and another* v. *Smith*, 9th Robinson, 240, our predecessors held that in cases of this kind it is well settled that malice and the want of probable cause in the original action, are essential ingredients. Malice may be expressly proved, or it may be inferred from the total want of a probable cause of action; but malice alone, however great, if there be a probable cause upon which the suit or prosecution is based, is insufficient to maintain an action in damages for a malicious prosecution, and referred to numerous authorities in support of that position.

This Court decided in the case of *Hubgh* v. *New Orleans and Carrollton Railroad Company*, 6 Annual, 495, "That the dispositions of Art. 2294 are found in the Roman and Spanish laws; so far from being new legislation, that article embodies a general principle as old as the science of jurisprudence itself, and it must still be understood, with the limitations affixed to it by the jurisprudence of Rome and Spain. Domat, Lois Civiles, tit. *Damages causés par des fautes*, p. 180, parag. 1."

Upon a rehearing in the same case this Court said, "The Art. 2294 of our Code provides that every act whatever of man that causes damage to another, obliges him, by whose fault it happened, to repair it. The provisions of this Art. however general and comprehensive its terms may be, are found more

than once recited in terms equally general and comprehensive in the laws of the fifteenth title of the seventh *Partidas*. The article was inserted in the Code of 1808, at a time when the Spanish laws were in force. It was put and retained to this time in the Code not for the purpose of making any change in the law, but because it was a principle which was in its proper place in a Code; a principle which would be equally recognized as a necessary conservative element of society, and equally obligatory whether it was formally enacted in a Code, or not."

GOULD<br>*v.*<br>GARDNER, SAGER<br>& Co.

It appears that the defendants in this case were not without probable cause for the arrest of Gould. They acted by the advice of eminent and learned counsel, whose opinion was formed upon a decision of that distinguished jurist, the late Judge Martin, in the case of *Abat* v. *Robetaille*, 4th Louisiana Reports, 226, which for about twenty years had been considered as the proper construction of the law of arrest, until overruled by a decision of this Court in this very case of the arrest of the plaintiff *Gould*, reported in 5th Annual, 353, *Gardner, Sager & Co.* v. *O'Connell* and *Gould*, upon which this action is based. Although we still adhere to our decree in this last mentioned cause, yet there can be no doubt under the circumstances and previous decisions, that the defendants had in their action probable cause for the arrest of *Gould*.

In an action for a malicious suit in the case of *Wm. Stone* v. *Asa Swift, Jr.*, 4th Pickering's Reports, 389, the Supreme Court of Massachusetts directed that the Jury would settle the fact, whether *Swift* (the defendant) acted *bona fide* in regard to the consulting of counsel, and believed that he had a good cause of action, and honestly pursued the advice and direction of his legal adviser, or otherwise. If he did, this action could not be supported; if he did not, it might be maintained, and the Jury would assess the proper damages.

The question in the present case is not whether the defendants had a probable cause of action; that has been placed beyond doubt by the judgment obtained in their favor against *Gould* for the whole of their demand against him; but whether they had probable cause for the arrest; and we have already said that they had. In the case of *Foshay* v. *Ferguson*, 2 Denio, 619, the Court said, "There was evidence enough in the case to warrant the Jury in finding that the defendants set the prosecution in motion from a bad motive. But all the books agree that proof of express malice is not enough, without showing also the want of probable cause. Probable cause has been defined a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offence with which he is charged. However innocent the plaintiff may have been of the crime laid to his charge, it is enough for the defendant to show that he had reasonable grounds for believing him guilty at the time the charge was made."

Our Codes and Statutes have not provided any rules to guide us on the trial of such actions, and we are governed, in the absence of positive legislation, by the rules laid down in the authorities quoted, because we consider them just and reasonable in themselves. We therefore think that the District Judge erred in not giving to the Jury the instructions asked for by defendants' counsel, as before stated in this opinion, and for that reason remand the case for a new trial. It is therefore ordered, adjudged and decreed that the judgment of the District Court be reversed, and a new trial granted, with instructions to the Judge to charge the Jury in conformity to the principles set forth in this decree, and that the plaintiff pay the costs of this appeal.